IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tanawah M. Downing, | ) | C/A No.: 3:23-6189-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| Alexander Carl Ekstrom, in his | ) | RECOMMENDATION |
| official capacity, and Diana Nicole | ) | |
| Ruff, in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Tanawah M. Downing, proceeding pro se, filed this action requesting the court impanel a special grand jury pursuant to 18 U.S.C. § 3331, *et. seq.*, to investigate "alleged violations of federal law." Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge transfer the petition to the United States District Court for the Eastern District of Washington.

I.      Factual and Procedural Background

Plaintiff was convicted of a crime in the state of Washington. *See Downing v. State of Washington*, C/A No. 4:19-5055-TOR, 2019 WL 13246938 (E.D. Wash. May 23, 2019) (order denying motion for reconsideration of §

2254 petition).[1] Alexander Carl Ekstrom ("Judge Ekstrom") was the superior court judge who tried Plaintiff's case, and Diana Nicole Ruff ("Prosecutor Ruff") was the prosecutor. [ECF No. 1 at 4]. Plaintiff alleges Judge Ekstrom and Prosecutor Ruff (collectively "Defendants") "were complicit in violating multiple federal laws" while trying his case. *Id.* at 2. More specifically, Plaintiff maintains Judge Ekstrom "denied me my constitutional rights to testify, present evidence, call witnesses on my behalf, cross examine states witnesses and confront my accusers during the trial on February 13, 2018." *Id.* at 4. He claims Defendants "have since the trial, entered into a Conspiracy to Obstruct Justice and have committed numerous additional crimes in order to conceal their criminal misconduct." *Id.* He asserts Judge Ekstrom's "refusal to enforce the body of laws which govern this nation, is an act of treason" and argues his immunity from suit pertains only to civil liability and he may be held criminally liable "for the crimes of obstruction of justice, conspiracy, kidnapping and witness intimidation to name just a few of the crimes committed against me." *Id.*

Plaintiff also includes an affidavit for criminal conspiracy referencing

---

[1] The Court takes judicial notice of the record in Plaintiff's prior case. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

18 U.S.C. § 241 and § 242. *Id.* at 6–8. This affidavit does not pertain to Plaintiff or Defendants, as it alleges "Jack Thorpe, Prosecuting Attorney for Wagoner County, State of Oklahoma, did, in his official capacity, deprive William Woolley III and Lisa Woolley of rights secured by and enumerated in the Constitution of the United States of America, when he charged the victims for infamous crimes by INFORMATION, and not by indictment, as required by law." *Id.* at 6. It further alleges an Oklahoma assistant district attorney, deputy sheriff, sheriff, and judge were parties to the conspiracy. *Id.* at 6–7.

II.    Discussion

A.    Standard of Review

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean

that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

      B.    Analysis

A review of Plaintiff's complaint reveals venue to be inappropriate in the District of South Carolina. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. It appears Defendants reside in the state of Washington, the events giving rise to Plaintiff's claim occurred in the state of Washington, there is a district in which an action may otherwise be brought, and Defendants are not subject to this court's personal jurisdiction. Therefore, venue is not appropriate in the District of South Carolina under 28 U.S.C. § 1391.

In addition, Plaintiff requests the court empanel a special grand jury in accordance with 18 U.S.C. § 3332. Section 3332 directs that the grand jury "inquire into offenses against the criminal laws of the United States alleged

to have been committed within that district." Because Plaintiff does not allege Defendants committed "offenses against the criminal laws of the United States" within the District of South Carolina, this court cannot provide Plaintiff's requested relief under 18 U.S.C. § 3331, *et. seq.*

If a case is filed in the wrong venue, a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses" and "in the interest of justice." *See* 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a) (authorizing district courts to transfer cases brought in the wrong venue to any district or division in which they could have been brought "if it be in the interest of justice"). A court need not have personal jurisdiction over a defendant to transfer a case pursuant to 28 U.S.C. § 1404(a) or § 1406(a), *see Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *O'Neal v. Hicks Brokerage Co.*, 537 F.2d 1266, 1268 (4th Cir. 1976), and questions regarding transfer are committed to the sound discretion of the district court. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).

The convenience of the parties and interests of justice are better served by a transfer of venue. *See* 28 U.S.C. §§ 1404(a), 1406(a). It appears Defendants reside in the Eastern District of Washington, and a substantial part of the events or omissions giving rise to the Plaintiff's complaint occurred in that district. Because Plaintiff alleges Defendants' offenses

against the criminal laws of the United States were committed within the Eastern District of Washington, any special grand jury would have to be convened in that district.

## III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be transferred to the United States District Court for the Eastern District of Washington.[2]

IT IS SO RECOMMENDED.

December 21, 2023                        Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[2] The undersigned notes Plaintiff has filed a motion to proceed in forma pauperis, ECF No. 2, but defers to the United States District Court for the Eastern District of Washington on whether to grant or deny the motion.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).