FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 25, 2024

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TANAWAH M. DOWNING,<br><br>          Plaintiff,<br><br>vs.<br><br>ALEXANDER CARL ECKSTROM, in his official capacity, and DIANA NICOLE RUFF, in her official capacity,<br><br>          Defendants. | No. 2:24-cv-00014-SAB<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING PETITION TO IMPANEL SPECIAL GRAND JURY, DISMISSING CASE, DIRECTING ENTRY OF JUDGMENT AND CLOSING FILE**<br><br>ECF Nos. 1, 2 |

Plaintiff Tanawah Downing, appearing *pro se*, commenced this action by way of petition asking the Court to "impanel a special federal grand jury to launch an immediate investigation into the activities of Defendants." ECF No. 1 at 2. Though originally filed in the District of South Carolina, the matter was transferred to this Court for proper venue. ECF No. 10.

## Background

Plaintiff petitions the Court pursuant to 18 U.S.C. §§ 3331 and 3332 for an order compelling the impaneling of and presentation of evidence to a special grand

ORDER - 1

jury. ECF No. 1 at 2-3. Specifically, Plaintiff seeks to have the grand jury investigate alleged criminal conduct of a former[1] Washington State Superior Court judge, a state prosecutor, "and any administrative subordinates within any state agencies" who were involved in Plaintiff's state criminal case in which he was tried and convicted.[2] *See* ECF No. 1 at 2-5. In an affidavit attached to the petition, Plaintiff asks the Court to "send federal investigators" to meet with him so he can point them to the evidence of "tyranny and oppression," treason, obstruction of

---

[1] Plaintiff's petition names Alexander Eckstrom, a current federal Magistrate Judge in this District, as a defendant. The Court has considered whether recusal is necessary or appropriate. The mere naming of a judicial colleague as a defendant does not require automatic recusal of every judge in the District. After review of the record and the applicable law and ethics rules, the Court concludes recusal is neither required nor appropriate. *See* 28 U.S.C. § 455; Code of Conduct for United States Judges, Canon 3C; Guide to Judiciary Policy, Committee on Codes of Conduct Advisory Opinion 103 ("[r]eview of a complaint against a judicial colleague where the litigation is patently frivolous or judicial immunity is plainly applicable will not ordinarily give rise to a reasonable basis to question the assigned judge's impartiality, and disqualification would rarely be appropriate.") (available at https://www.uscourts.gov/rules-policies/judiciary-policies/ethics-policies/published-advisory-opinions (last visited January 22, 2024)).

[2] *See State v. Downing*, 8 Wash. App. 2d 1050 (2019) (affirming conviction on direct appeal).

ORDER - 2

justice, conspiracy to obstruct justice, kidnapping, and witness intimidation allegedly perpetrated by defendants. ECF No. 1 at 4. Plaintiff claims he was unlawfully convicted and imprisoned.[3] ECF No. 1 at 4.

Plaintiff has applied to proceed *in forma pauperis* (IFP). ECF No. 2.

## Legal Standards

*1. 28 U.S.C. § 1915*

All parties instituting a civil action in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.00.[4] *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (citation omitted). To satisfy the

---

[3] In 2019, Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was summarily dismissed. *See Downing v. State of Washington*, No. 4:19-cv-05055-TOR (E.D. Wash. May 23, 2019) (Order, ECF No. 7).

[4] *See* Fee Schedule *available at* https://www.waed.uscourts.gov/fees-and-rates.

ORDER - 3

28 U.S.C. § 1915(a) requirements, "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The facts regarding the individual's indigency must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).

Pursuant to 28 U.S.C. § 1915(e)(2)(A), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the [plaintiff's] allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). This provision mandates dismissal if a litigant deliberately misrepresents information in bad faith in order to gain in forma pauperis status. Fraud on the court is also an example of bad faith conduct which could merit sanctions under the court's inherent authority. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991) (affirming sanctions against plaintiff "for the fraud he perpetrated on the court"); *see also*, *Dawson v. Lennon*, 797 F.2d 934, 936 (11th Cir.1986) (finding plaintiff's "clear pattern of attempts to deceive the courts on his financial status in this and other cases justifies the district court's imposition of the severe sanction of dismissal with prejudice").

///

ORDER - 4

### 2. Inherent authority to screen case

"A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed [pleading] that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Regardless of whether a litigant is fee paying or not, a district court has the inherent authority to dismiss frivolous actions at any time. *See Mallard v. U.S. Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307–08 (1989) (noting court's authority to dismiss frivolous or malicious claims "even in the absence of [a] statutory provision"); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint . . . when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). A "frivolous" claim lacks an arguable basis either in law or in fact; the "term 'frivolous' . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

///

///

## Discussion

### A. IFP Application

Plaintiff's IFP application filed December 1, 2023, attests "under penalty of perjury" and with the understanding that "a false statement may result in a dismissal of [] claims," that he: i) is not incarcerated; ii) is not employed; iii) received no income from any source in the 12 months preceding his application; and iv) has no money in cash or other accounts. ECF No. 2. As to questions pertaining to ownership of assets of value, regular expenses, dependent support, and financial obligations, Plaintiff responded "N/A," meaning "not applicable." ECF No. 2 at 2.

Plaintiff's IFP application is incomplete and, thus, insufficient for the Court to determine if Plaintiff is qualified to proceed without paying costs. First, regarding Plaintiff's income, Plaintiff denies having an employer or employment wages, however, his pleading states he is the "Chief Legal Strategist" for the "The We Shall be Free 2023 Tour." ECF No. 1 at 3. This causes the Court to question whether Plaintiff is self-employed or otherwise in fact employed, owns a business, or receives funds through his association with "The We Shall be Free 2023 Tour." The IFP short form asks if Plaintiff receives income from "*any* other sources." ECF No. 2 at 1 (emphasis added). This includes any form of public or private assistance, such as donations. Plaintiff's explanation of income does not explain

how he is able provide himself "with the necessities of life." *Adkins*, 335 U.S. at 339.

Second, Plaintiff does not identify his living expenses. Listing "N/A" is not a sufficient response. Plaintiff's petition provides a cell phone number and an address. The Court takes judicial notice of the fact that public records reveal that the address includes an apartment community. Plaintiff does not provide any information about whether or how he pays housing expenses, utilities or other bills, such as his cellular phone.

Plaintiff's current IFP application fails to state the facts regarding Plaintiff's poverty with the "particularity, definiteness and certainty" the law requires. *McQuade*, 647 F.2d at 940. Plaintiff's application to proceed IFP is denied.

**B. Plaintiff's Petition**

Plaintiff has not filed a complaint and titles his pleading: "Petition for Order to Impanel a Special Grand Jury." ECF No. 1. In reviewing Plaintiff's petition, the Court concludes that the statutes providing the sole basis for Plaintiff's petition do not provide a private right of action. "The ability to bring a private right of action may be authorized by the explicit statutory text or, in some instances, may be implied from the statutory text." *Nisqually Indian Tribe v. Gregoire*, 623 F.3d 923, 929 (9th Cir.2010). "[A]n implied right of action is only authorized when there is clear evidence Congress intended such a right to be part of the statute." *Id*. at 929

(citation omitted).

Plaintiff's petition is based on 18 U.S.C. §§ 3331 and 3332, which govern special grand juries. Section 3331 provides the procedure for summoning a special grand jury:

> In addition to such other grand juries as shall be called from time to time, each district court which is located in a judicial district containing more than four million inhabitants or in which the Attorney General, the Deputy Attorney General, the Associate Attorney General, or any designated Assistant Attorney General, certifies in writing to the chief judge of the district that in his judgment a special grand jury is necessary because of criminal activity in the district shall order a special grand jury to be summoned at least once in each period of eighteen months unless another special grand jury is then serving. . . .

18 U.S.C. § 3331(a). If there is a special grand jury seated, then § 3332 describes the powers and duties of the grand jury:

> It shall be the duty of each such grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district. Such alleged offenses may be brought to the attention of the grand jury by the court or by any attorney appearing on behalf of the United States for the presentation of evidence. Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation.

18 U.S.C. § 3332(a).

Here, the Court takes judicial notice of the fact that no special grand jury is convened in the Eastern District of Washington pursuant to 18 U.S.C. § 3331. Special grand juries are only impaneled in districts with over four million

ORDER - 8

inhabitants or in which the Attorney General certifies in writing to the Chief Judge of the district that a special grand jury is necessary due to criminal activity in the district. *See* 18 U.S.C. § 3331(a). As such, § 3332 does not apply, nor can Plaintiff show that this Court has a duty to convene a special grand jury.

In addition, Section 3332 "does not enable a private citizen . . . to present a case to a grand jury." *See also Banks v. United States Attorney*, 318 F. App'x 56, 58 (3rd Cir. 2009); *Phillips v. City of Oakland*, 2008 WL 1901005, at *2 (N.D. Cal. Apr. 28, 2008) ("[T]o enable individuals to present to a grand jury any complaint of purported criminal activity would interfere with the executive branch's prerogative to direct the enforcement of the laws, and thus would not be an appropriate exercise of judicial authority."), *aff'd*, 311 F. App'x 14 (9th Cir. 2009), *cert. denied*, 559 U.S. 971 (2010). Moreover, the court's supervisory power over a grand jury is limited by the doctrine of separation of powers. *United States v. Chanen*, 549 F.2d 1306, 1313 (9th Cir.), *cert. denied*, 434 U.S. 825 (1977). "[G]iven the constitutionally-based independence of each of the three actors—court, prosecutor and grand jury—a court may not exercise its supervisory power in a way which encroaches on the prerogatives of the other two unless there is a clear basis in law and fact for doing so." *Id*.

Even if the statutory language of § 3332(a) implies some potential duty on the part of the Court to present information to an empaneled special grand jury, this

ORDER - 9

is not a duty owed to Plaintiff individually. *See Brown v. Gomez*, No. 00-16612, 2001 WL 985623, at *1 (9th Cir. Aug. 28, 2001) ("The district court did not abuse its discretion in failing to impanel a grand jury or by failing to present Brown's proposed complaint to a grand jury, because pursuit of indictments and prosecutions is within the exclusive discretion of the United States Attorney."). No private right of action is available under § 3332(a) that would authorize the relief sought in Plaintiff's petition. *Id.*; *see also Norman v. U.S. Atty Gen. for W.D. Tex.*, 2024 WL 64769, 2 (5th Cir. Jan. 5, 2024) (affirming rejection of mandamus relief under § 3332 because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Morales v. U.S. Dist. Ct.*, 580 F. App'x 881, 886 (11th Cir. 2014); *Mowish v. Gentry*, 156 F.3d 1231, *2 (6th Cir. July 31, 1998) (unpublished table opinion); *Hantzis v. Grantland*, 772 F. Supp. 2d 1, 3 (D. D.C. 2009) ("no private right of action is available" under § 3332(a)); *Lundy v. United States*, No. 07–1008, 2007 WL 4556702, at *2 (C.D. Ill. Dec. 21, 2007), corrected on other grounds, No. 07–1008, 2008 WL 2510172 (C.D. Ill. June 19, 2008) ("§ 3332(a) does not confer a private right of action"); *Bryant v. Fienberg*, No. 206–CV–13849, 2006 WL 2924744, at *2 (E.D. Mich. Oct. 10, 2006) (the "plaintiff does not have a private cause of action under 18 U.S.C. § 3332(a), the Special Grand Jury statute"); *Arnett v. Unknown*, No. CV 11-5896-JAK(E), 2011 WL 4346329, at *6 (C.D. Cal. Aug. 23, 2011) ("Section 3332(a)

ORDER - 10

1  contains no 'clear and unambiguous' statement conferring a private right of action
2  on an individual to present evidence to a special grand jury or to compel a United
3  States Attorney to do so"); *In re Schleeper*, No. 97-5263, 1997 WL 811797, *1
4  (D.C. Cir. 1997) (§3332 "contains no provision requiring the district court to refer
5  a private complaint to the grand jury"); *Huber Heights Veterans Club v. Bowman*,
6  No. 3:22-cv-00159, 2022 WL 11736539, *1 (S.D. Ohio Oct. 20, 2022) (same).

7        Claims that do not provide a private right of action may be considered
8  frivolous. *See Taylor v. Kolbaba*, 909 F.2d 1489, *2 (9th Cir. 1990) (unpublished
9  table opinion) (deciding that the entirety of a pro se plaintiff's original complaint
10 which included claims that provided no private right of action was frivolous and
11 could not be cured by amendment); *Self v. Chase Bank, N.A.*, No. CIV S-10-2199-
12 FCD, 2011 WL 3813106, at *5 (E.D. Cal. Aug. 25, 2011) (holding that a pro se
13 plaintiff's claims that provided no private right of action were frivolous when
14 "precedent clearly forecloses private rights of action on such claims."); *Gilbert v.*
15 *U.S. Atty for the State of Calif.*, No. 5:18-cv-02504-JFW (JDE), 2018 WL
16 11252687, *2 (C.D. Cal. Dec. 7, 2018) (denying in forma pauperis application and
17 dismissing complaint brought under criminal statute with no private right of action
18 as frivolous).

19       Based on the case law discussed above, the Court finds that Plaintiff's
20 petition is based on indisputably meritless legal theories and lacks an arguable

basis in law or fact. *See Neitzke*, 490 U.S. at 325. Consequently, Plaintiff's petition is denied and this action is dismissed without prejudice.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court is mindful that it must liberally construe the inartful pleading of pro se litigants. In this instance, the Court finds no amendment could cure the frivolous nature of Plaintiff's petition and therefore, less drastic alternatives to dismissal are unnecessary. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Accordingly, the Court finds that granting leave to amend would be futile and this action is dismissed without prejudice and without leave to amend.

Accordingly**, IT IS HEREBY ORDERED**:

1. Plaintiff's Application to Proceed In Forma Pauperis, **ECF No. 2**, is **DENIED**. As this action is dismissed without leave to amend, Plaintiff is not required to amend the IFP application or pay the filing fee.

2. Plaintiff's Petition for Order to Impanel a Special Grand Jury, **ECF No. 1**, is **DENIED** without leave to amend as any amendment would be futile.

3. This matter is **DISMISSED without prejudice** as frivolous.

4. As Plaintiff's petition is plainly frivolous, the Court prospectively **CERTIFIES** that any appeal of this Order or judgment would not be taken in good faith and would lack any arguable basis in law or fact. *See* 28 U.S.C. § 1915(a)(3)*;*

Fed. R. App. P. 24(a)(3).

5. The Clerk of the Court shall **ENTER JUDGMENT** of dismissal without prejudice.

The Clerk of the Court is directed to enter this order, enter judgment of dismissal, provide a copy to Plaintiff and **CLOSE THE FILE**.

DATED January 25, 2024.



_____
Stanley A. Bastian
Chief United States District Judge

ORDER - 13